UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELEN RUPE,

    Plaintiff,

                                                Civil Action No. _____

-vs-                                 Hon. _____

ALLEGAN COUNTY POLICE DEPUTY
BLAIR KACOS, individually, and ALLEGAN
COUNTY POLICE DEPUTY KYLE BAKER,
individually,

    Defendants.
_____/

Stephen M. Lovell (P80921)
Attorneys for Plaintiff
Charara Lovell & Associates, PLLC
28580 Orchard Lake Rd., Ste. 250
Farmington Hills, Michigan 48334
Phone: 248.605.7567
Fax:   248.605.0743
Email:  stephen@clawins.com
         janine@clawins.com
_____/

**COMPLAINT AND JURY REQUEST**

      NOW COMES the above named Plaintiff, by and through her attorneys, Charara Lovell & Associates, PLLC, and for her Complaint against the above-named Defendants, states as follows:

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 USC §1983 and 1988, and the 4th and 14th Amendments to the United States Constitution, and under the statutes and common law of the State of Michigan against Defendants.

2. This lawsuit arises out of events occurring within the County of Kalamazoo, State of Michigan.

3. Jurisdiction is based upon 28 USC § 1331, 1332, 1343, and 1367.

4. Venue is proper under 28 USC § 1391(b).

## PARTIES

5. Plaintiff Helen Rupe (hereinafter Plaintiff) is a citizen of the State of Michigan and resides in Kalamazoo, Michigan.

6. Upon information and belief, the individually named Defendant POLICE DEPUTY BLAIR KACOS, is a citizen of the state of Michigan and, at all times relevant to this lawsuit, was employed as a police deputy for the Allegan County Police Department and is sued in his individual capacity.

7. Upon information and belief, the individually named Defendant POLICE DEPUTY KYLE BAKER, is a citizen of the state of Michigan and, at all times relevant to this lawsuit, was employed as a police deputy for the Allegan County Police Department and is sued in his individual capacity.

## COMMON FACTUAL ALLEGATIONS

8. On November 4, 2019, Plaintiff was driving to a casino near Wayland, Michigan when she was pulled over by two Michigan State Police officers who informed Plaintiff she was

being pulled over for a back tail light not illuminating correctly and for crossing over the line in a turning lane.

9. Plaintiff provided her driver's license and insurance to one of the officers who left with her documents.

10. When the officer came back to Plaintiff's vehicle to return her driver's license and insurance, the officer accused Plaintiff of concealing something in her purse and ordered her out of the vehicle so that a K9 unit could come to the scene.

11. Multiple back up squad cars also arrived on the scene.

12. Plaintiff suffers from Post-Traumatic Stress Disorder as well as other mental health illnesses and became frightened when multiple police vehicles arrived at the scene.

13. In fear, Plaintiff drove away from the traffic stop and proceeded to drive to her mother's home while multiple police cars followed.

14. When Plaintiff arrived at her mother's home, she surrendered and went down to the ground.

15. Defendants came upon Plaintiff and assaulted her by picking her up and slamming her back down to the ground, punching her in the face, and piling on her back with so much force that it crushed one of Plaintiff's bile ducts.

16. Plaintiff is a 4'11", middle-aged woman.

17. Plaintiff was then placed under arrest and was not allowed to seek medical treatment for her severe injuries.

## COUNT I
## 42 U.S.C. §1983 – VIOLATION OF THE 4th AND 14TH AMENDMENTS

18. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

19. Plaintiff had a constitutional right under the Fourth Amendment not to be subjected to the use of excessive force by the Defendants, as well as the right to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unlawful search and seizures.

20. The degree of force used by the Defendants was objectively unreasonable and excessive in light of the circumstances.

21. The degree of force used by the Defendants was objectively unreasonable and excessive in light of the circumstances.

22. The conduct of the Defendants in using excessive force violated Plaintiff's rights under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

23. At all times relevant, Defendants, acting under color of law, was required to obey the laws of the United States including those laws identified and described in the 4th Amendment to the United States Constitution.

24. The conduct of the Defendants violated 42 U.S.C. §1983.

25. By violating Plaintiff's constitutional right under the Fourth Amendment, Defendants acted intentionally or with deliberate indifference and/or with reckless disregard of Plaintiff's constitutional rights.

26. The constitutional right which the Defendants violated was clearly established at the time that the violation occurred and a reasonable person in the Defendants' position would have understood that the conduct violated said right.

27. Defendants are therefore not entitled to qualified immunity.

28. By virtue of the Defendants' actions, Plaintiff has suffered, and continues to suffer, damages, including, but not limited to:

    a. Head trauma;

    b. Permanent scarring;

    c. Crushed bile duct;

    d. Acute pancreatitis;

    c. Physical pain and suffering and discomfort, past, present and future;

    d. Mental anguish;

    e. Fright and shock;

    f. Denial of social pleasures and enjoyment;

    g. Embarrassment, humiliation or mortification;

    h. Medical bills and expenses;

    i. Other economic loss;

    j. Any and all injuries later discovered or otherwise allowed under Michigan law.

29. By virtue of the Defendants' actions, Plaintiff is entitled to recover compensatory and punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendants in an amount that is just and fair and award costs, interest and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

Respectfully Submitted,

*/s/ Stephen M. Lovell*
Stephen M. Lovell (P80921)
Attorneys for Plaintiff
Charara Lovell & Associates, PLLC
28580 Orchard Lake Rd., Ste. 250
Farmington Hills, Michigan 48334
Phone: 248.605.7567
Fax: 248.605.0743
Email: stephen@clawins.com
janine@clawins.com

Dated: November 4, 2022

## **REQUEST FOR JURY TRIAL**

Plaintiff, by and through her attorneys, Charara Lovell & Associates, PLLC, hereby requests a trial by jury in the above-captioned matter.

                            Respectfully Submitted,

                            */s/ Stephen M. Lovell*
                            Stephen M. Lovell (P80921)
                            Attorneys for Plaintiff
                            Charara Lovell & Associates, PLLC
                            28580 Orchard Lake Rd., Ste. 250
                            Farmington Hills, Michigan 48334
                            Phone: 248.605.7567
                            Fax:   248.605.0743
                            Email:  stephen@clawins.com
                                        janine@clawins.com

Dated: November 4, 2022